# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Criminal No. | 3:05CR526–HEH |
| | ) | Civil Action No. | _____ |
| KENNETH D. BEVERLY | ) | | |

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

On October 20, 2010, by Memorandum Opinion and Order, this Court denied Kenneth D. Beverly's original motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Beverly*, No. 3:05cr526–HEH (E.D. Va. Oct. 20, 2010). On November 14, 2012, the Court received a "MOTION FOR RELIEF FROM ORDER AND JUDGMENT PURSUANT TO Fed.Civ.P. 60(b)(4)." ("Rule 60(b) Motion" (ECF No. 163).) As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003).[1] "[A] Rule 60(b) motion filed in a § 2255 proceeding may be a 'true' Rule 60(b) motion or instead a second or successive § 2255 petition filed under the auspices of Rule 60(b)." *United States v. McCalister*, 453 F. App'x. 776, 778 (10th Cir. 2011) (citing *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006)). A post-judgment motion filed in a habeas or § 2255 proceeding is truly a 60(b) motion if it: "(1) challenges *only a procedural ruling* . . . which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the . . . habeas proceeding, provided that such a challenge does not itself lead . . . to a merits-based attack on the disposition of a prior habeas petition." *Id.* (omissions in original) (quoting *Spitznas*, 464 F.3d at 1216). "By contrast, 'a [Rule] 60(b) motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" *Id.* (quoting *Spitznas* 464 F.3d at 1215 (alteration in original)).

Beverly's Rule 60(b) Motion asks the Court to "reopen" his "§ 2555 proceedings to properly address Claims 4, 5, and 9." (Rule 60(b) Mot. 1.) Beverly argues that the "'Judgment is VOID' due to the District Court lacking Jurisdiction and acted in a manner

---

[1] "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

inconsistent with due process of law, constituting a 'total want of jurisdiction'." (Mem. Supp. 1, ECF No. 162 (emphasis omitted).) Specifically, Beverly asserts, "[t]he District Court impermissibly converted Jury found Class B Misdemeanor to Class C Felonies." (*Id.* (emphasis omitted).) In substance and effect, such a challenge "'asserts . . . a federal basis for relief from [his] underlying conviction.'" *McCalister*, 453 F. App'x at 778 (quoting *Spitznas*, 464 F.3d at 1215). Accordingly, the Rule 60(b) Motion is properly construed as a successive 28 U.S.C. § 2255 motion.

The Clerk will be directed to file the Rule 60(b) Motion (ECF No. 163) as an unauthorized, successive motion pursuant to 28 U.S.C. § 2255. Because the Fourth Circuit has not authorized this Court to hear Beverly's successive § 2255 motion, the Rule 60(b) Motion (ECF No. 163) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.[2]

An appropriate order will accompany this Memorandum Opinion.

Date: Nov 25 2013
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

---

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Beverly fails to satisfy this requirement.