

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:05CR526–HEH |
| ) | Civil Action No. _____ |
| KENNETH D. BEVERLY ) | |

### MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

On October 20, 2010, by Memorandum Opinion and Order, this Court denied Kenneth D. Beverly's original motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Beverly*, No. 3:05cr526–HEH (E.D. Va. Oct. 20, 2010). Since that the Court's denial of his § 2255 motion, Beverly has inundated the Court with frivolous filings and successive, unauthorized § 2255 motions. Beverly has now filed two new motions: 1) a "'NOTICE OF OBJECTION'" and "REQUEST FOR AN EXTENSION OF TIME IN WHICH TO FILE A 'MEMORANDUM OF LAW' IN SUPPORT OF DEFENDANT'S 'OBJECTION'" to the Court's Memorandum Opinion and Final Order entered on January 30, 2013 ("Motion for Extension of Time," ECF No. 169); and 2) and a "MOTION TO FILE THIS 28 U.S.C. § 2255(h)(4) PETITION" with an additional successive, unauthorized § 2255 motion attached ("Successive § 2255," ECF No. 178).

### I. Successive § 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal

habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has not authorized this Court to hear his Successive § 2255 Motion. Accordingly, the Successive § 2255 Motion (ECF No. 178) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.[1]

## II. Motion for Extension of Time

In his Motion for Extension of Time (ECF No. 169) Beverly seeks additional time in which to file a Memorandum in Support of his "OBJECTION" to the Court's January 30, 2013 Final Order. Beverly fails to identify a procedural vehicle that permits him to file objections to the Court's Final Order. Accordingly, Beverly's Motion for Extension of Time (ECF No. 169) will be denied.

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 9, 2014
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Beverly fails to satisfy this requirement.