IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA    )
                            )
v.                          )    Criminal No.     3:05CR526–HEH
                            )    Civil Action No. 3:14CV00435–HEH
KENNETH D. BEVERLY          )

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

On October 20, 2010, by Memorandum Opinion and Order, this Court denied Kenneth D. Beverly's original motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Beverly*, No. 3:05cr526–HEH (E.D. Va. Oct. 20, 2010). Since the Court's denial of his § 2255 motion, Beverly has inundated the Court with frivolous filings and successive, unauthorized § 2255 motions. On June 16, 2014, the Court received a "MOTION TO VACATE UNDER 28 U.S.C. § 2255." ("Motion to Vacate," ECF No. 188). As explained below, the Motion to Vacate challenges Beverly's sentence and must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Beverly argues that his sentence should be vacated due to a misapplication of *United States v. Booker*, 543 U.S. 220 (2005). Beverly also argues that he was deprived of his Sixth Amendment rights due to ineffective counsel. Beverly's Motion to Vacate attacks his sentence and squarely falls within the ambit of § 2255. Accordingly, the Motion to Vacate is properly construed as a successive 28 U.S.C. § 2255 motion.

The Clerk will be directed to file the Motion (ECF No. 188) as an unauthorized, successive motion pursuant to 28 U.S.C. § 2255. Because the Fourth Circuit has not authorized this Court to hear Beverly's successive § 2255 motion, the Motion (ECF No.

188) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.[1]

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 21, 2014
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Beverly fails to satisfy this requirement.