IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
APR 24 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:05CR526–HEH |
| ) | Civil Action No. 3:15cv256-HEH |
| KENNETH D. BEVERLY ) | |

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered October 20, 2010, this Court denied Kenneth D. Beverly's original motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Beverly*, No. 3:05cr526–HEH (E.D. Va. Oct. 20, 2010). Since that time, Beverly has inundated the Court with frivolous filings. On November 30, 2012, the Court received Beverly's newest attempt to challenge his conviction and sentence, his "MOTION FOR RECONSIDERATION AND/OR MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59" ("Rule 59(e) Motion," ECF No. 191). As explained below, the Rule 59(e) Motion challenges the Court's previous dismissal of his successive, unauthorized 28 U.S.C. § 2255 motion, continues to challenge his underlying conviction and sentence, and thus, itself must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)). Accordingly, "district courts must treat [motions directly attacking convictions and sentences] as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Winestock*, 340 F.3d at 206 (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)); *see Williams v. United States*, Nos. 1:09cr414, 1:14cv363, 1:14cv460, 2015 WL 965842, at *2 (E.D. Va. Mar. 4, 2015) (explaining that courts "have applied *Winestock*'s 'straightforward guide' to determine that a Rule 59(e)" is a successive petition); *see also United States v. Mann*, 141 F. App'x, 175, 175 (4th Cir. 2005).

Beverly argues that the Court erred in dismissing a prior successive § 2255 motion, and repeats similar arguments that his sentence is invalid under *United States v. Booker*, 543 U.S. 220 (2005) and *Peugh v. United States*, 133 S. Ct. 2072 (2013). Beverly again attacks his conviction and purported "ex post facto" errors committed at his sentencing. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of a "claim" for relief from the criminal judgment, regardless of the title on the motion). Beverly's Rule 59(e) Motion attacks his sentence and

2

squarely falls within the ambit of § 2255. Accordingly, the Rule 59(e) Motion is properly construed as a successive 28 U.S.C. § 2255 motion.

The Clerk will be directed to file the Rule 59(e) Motion (ECF No. 191) as an unauthorized, successive motion pursuant to 28 U.S.C. § 2255. Because the Fourth Circuit has not authorized this Court to hear Beverly's successive § 2255 motion, the Rule 59(e) Motion (ECF No. 191) will be dismissed for want of jurisdiction. Beverly's Motion for Expedited Ruling (ECF No. 197) will be denied as moot. A certificate of appealability will be denied.[1]

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 24, 2015
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Beverly fails to satisfy this requirement.